Hillsborough,
No. 4239.

CHAGNON LUMBER COMPANY, INC. *v*. JAMES E. ANNIS.

Argued January 5, 1954.
Decided February 18, 1954.

*Morris D. Stein* (by brief and orally), for the plaintiff.

*John J. Broderick* and *Maurice A. Broderick* (*Mr. Maurice A. Broderick* orally), for the defendant.

468

KENISON, C. J. The statute under which the plaintiff seeks recovery in these proceedings is R. L., c. 264, s. 12, which reads in part as follows: "If any person shall, by himself or others, perform labor or furnish materials to the amount of fifteen dollars or more for erecting or repairing a house or other building or appurtenances . . . by virtue of a contract with the owner thereof, he shall have a lien on any material so furnished and on said structure, and on any right of the owner to the lot of land on which it stands." The defendant contends that the plaintiff can recover, if at all, only under section 15 of this chapter which provides a lien for subcontractors providing they give notice to the owner that they intend to claim a mechanic's lien before furnishing the material for which it is claimed. Since no such notice was given by the plaintiff, it is argued that the verdict cannot stand and must be set aside.

The plaintiff testified that within a week after the work started, the defendant told him that "anything that comes to our house we will take care of." In the early stages of the work the defendant went with Verder to the plaintiff's lumber yard and authorized the shipment of materials ordered by Verder. In November, 1949, Verder ordered roofing material which did not appear to be necessary and the plaintiff telephoned the defendant concerning the matter. The defendant testified: "I told him [plaintiff] not to send me more stuff . . . through Verder to my home unless he called me and found out what the material was and if I would accept it to bill it to me through Mr. Verder." Some of the materials delivered to the job in October and November were receipted for by the defendant although billed to Verder under his trade name. Materials delivered in December were billed to Annis and receipted for by Verder. The defendant testified that in 1951, when the plaintiff demanded payment "I told him at the present moment I couldn't do anything for him because Verder had left the job . . . . " There was also evidence from which the Court could find that Verder was "not recognized [by the plaintiff] as a contractor" and further evidence that the plaintiff attempted to, and did in fact, make a contract directly with the defendant. Upon all the evidence it could be found that plaintiff furnished the materials upon the credit of the defendant as an original undertaking. *Janvrin* v. *Powers,* 79 N. H. 44, 46. The materials delivered by the plaintiff could fairly be found to be under an entire and continuing contract of which the defendant as owner

had knowledge, and to which he gave his consent. *Diamond Match Co.* v. *Trust*, 98 N. H. 97; anno. 97 A. L. R. 780.

The plaintiff rested his case on a direct contract with the defendant and the Court awarded the plaintiff a verdict in the amount requested on evidence which established such a contract. The Court's finding that the defendant ratified the purchases of his agent Verder from the plaintiff does not change the status of the plaintiff from that of a direct contractor or materialman to that of a subcontractor within the meaning of R. L., c. 264, s. 15. The plaintiff was entitled to recover as a materialman under R. L., c. 264, s. 12. *Curtis Mfg. &c. Co.* v. *Company*, 98 N. H. 48.

*Judgment on the verdict.*

All concurred.